## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER HILL, *pro se*, | ) | CASE NO.   5:19-cv-00597 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE DAVID A. RUIZ |
| | ) | |
| BERNADETTE MASON, | ) | |
| | ) | **Report and Recommendation** |
| Respondent. | ) | |

Petitioner, Christopher Hill ("Petitioner" or "Hill"), *pro se*, challenges the

constitutionality of his conviction in the case of *State v. Hill*, Stark County Court of Common

Pleas Case No. 2014-CR-0778. Petitioner filed a Petition for a Writ of Habeas Corpus pursuant

to 28 U.S.C. § 2254. (R. 1). Respondent Bernadette Mason ("Respondent") filed her Return of

Writ (R. 15). Petitioner filed a traverse (R. 17), and Respondent filed a response. (R. 18). This

matter is before the undersigned Magistrate Judge pursuant to Local Rule 72.2. For the reasons

provided herein, the undersigned recommends that the Petition be dismissed.

### I. Federal Habeas Petition

Hill's Petition for Writ of Habeas Corpus was docketed as filed on March 18, 2019.[1] (R. 1).

Hill sets forth his grounds for relief as follows:

> **GROUND ONE**: Trial/plea counsel was ineffective for inadequately advising
> petitioner to plead guilty (albeit innocent) to having a weapon while under
> disability rendering his guilty pleas void.

---

[1] Petitioner states that he placed the instant Petition in the prison mailing system on March 15,
2019. (R. 1, PageID# 18). Regardless of which date is used, Petitioner filed the Petition
untimely, as explained herein.

*Supporting Facts*: Petitioner was denied his 5th, 6th, and 14th Amendment rights to the effective assistance of counsel, where counsel, Mr. Kenneth Frame inadequately advised him to plead guilty to having a weapon while under disability, where counsel was aware that the prosecutor possessed evidence which alleged that Petitioner possessed and threatened the alleged victim with a hammer, instead of a firearm, and that "hammers" are not included in weapons under disability R.C.2923.13(A).

**GROUND TWO**: Petitioner was convicted of a felony and DNA testing established his actual innocence, and he was denied due process of law by way of prosecutorial misconduct rendering his guilty pleas void.

*Supporting Facts*: Petitioner was denied his 14th Amendment Rights to due process and the equal protection of the law where, the prosecutor conceded the Petitioner's DNA evidence was not present on the firearm in question, which prompted the prosecutor to reveal new evidence/facts where the prosecutor conceded that Petitioner possessed and threatened the alleged victim with a hammer, instead of a firearm as he was indicted for, and as the prosecutor elected to prosecute/negotiate a guilty plea for. See Exhibit-A, pg. 7 where the prosecutor essentially contends that Petitioner is innocent of the crimes he pleaded guilty, however, he is not actually innocent because the prosecutor believes he threatened the alleged victim with a hammer. (Exhibit-A, pg. 7).

**GROUND THREE**: Trial/plea counsel was ineffective for inadequately advising Petitioner to plead guilty (albeit innocent) to having a weapon while under disability rendering his guilty pleas void.

*Supporting Facts*: Petitioner was denied his 5th, 6th and 14th Amendment rights to the effective assistance of counsel, where counsel, Mr. Kenneth Frame inadequately advised him to plead guilty to having a weapon while under disability, where the disability is a prior attempted murder conviction in Montgomery County Pennsylvania, Court of Common Pleas, which he does not have. Counsel failed to explain the nature of the offense in sufficient detail to give the Petitioner notice of what he was being asked to admit.

(R. 1, PageID# 6, 10 & 11-12).

## II. Summary of Facts

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, factual determinations made by state courts are presumed correct. 28 U.S.C. § 2254(e)(1); *see also Franklin v. Bradshaw,* 695 F.3d 439, 447 (6th Cir. 2012) ("State-court

factual findings are presumed correct unless rebutted by clear and convincing evidence."). The Fifth District Court of Appeals ("state appellate court") summarized the facts underlying Hill's guilty plea as follows:

{¶ 3} On June 25, 2014, appellant was indicted on one count of felonious assault with a repeat violent offender specification (R .C. 2903.11(A)(2) and R.C. 2941.149), a felony of the second degree, having a weapon under a disability (R.C. 2923.13(A)(2)), a felony of the third degree, domestic violence (R.C. 2919.25(A)), a misdemeanor of the first degree, and intimidation of a witness or victim (R.C. 2921.04(A)), a misdemeanor of the first degree.

{¶ 4} On July 29, 2014, appellant, with the assistance of counsel, entered into a negotiated guilty plea to the latter three charges, with the State dismissing the felonious assault charge and RVO specification.

{¶ 5} Appellant was thereupon sentenced to twenty-four months in prison on the count of having a weapon under disability, as well as six months concurrent on each of the counts of domestic violence and intimidation of a victim or witness. A plea and sentencing judgment entry was issued on August 14, 2014.

{¶ 6} On or about August 27, 2014, appellant filed a direct appeal to this Court. However, the appeal was subsequently dismissed by the Court for want of prosecution.

***

{¶ 12} In his sole Assignment of Error, appellant contends the trial court erred in denying his post-sentence motion to withdraw his guilty plea. We disagree.

{¶ 13} Crim.R. 32.1 states as follows: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶ 14} Our review of a trial court's decision under Crim.R. 32.1 is limited to a determination of whether the trial court abused its discretion. *State v. Caraballo* (1985), 17 Ohio St.3d 66, 477 N.E.2d 627. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. " * * * [T]he good faith, credibility and weight of the movant's assertions in support of the [Crim.R. 32.1] motion are matters to be resolved by [the trial] court." *State v. Smith* (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph two of the syllabus.

{¶ 15} Ineffective assistance of counsel can form the basis for a claim of manifest injustice to support withdrawal of a guilty plea pursuant to Crim.R. 32.1. *See State v. Dalton*, 153 Ohio App.3d 286, 292, 2003–Ohio–3813, ¶ 18. However, under the "manifest injustice" standard, a post-sentence withdrawal motion is allowable only in extraordinary cases. *State v. Aleshire*, Licking App.No. 09–CA–132, 2010–Ohio–2566, ¶ 60, citing *Smith, supra*, at 264. Furthermore, " * * * if a plea of guilty could be retracted with ease after sentence, the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe. * * * " *State v. Peterseim* (1980), 68 Ohio App.2d 211, 213, 428 N.E.2d 863, quoting *Kadwell v. United States* (C.A. 9, 1963), 315 F.2d 667.

{¶ 16} In the case sub judice, appellant now contends he was innocent of the charges against him and "reluctantly" pled guilty upon the advice of his trial counsel. *See* Appellant's Brief at 4. Focusing on the weapons under disability conviction, he asserts he did not have a gun on his person during the events in question and did not use a gun to threaten the victim. He further maintains the investigatory documents in the case would show that the victim accused him of threatening her or her property with a hammer, not a firearm, and then asking her about the whereabouts of his gun. He also provided the trial court with an unverified photocopy of a police report indicating no fingerprints were found on the gun taken at the scene, as well as a copy of an affidavit dated June 20, 2014, purportedly from the victim, in which she indicates that she was intoxicated during the events of May 9, 2014 and could not recollect what happened. He urges that his trial counsel failed to properly investigate these matters.

{¶ 17} A Crim.R. 32.1 motion is not a challenge to the validity of a conviction or sentence, and instead only focuses on the plea. *See State v. Bush*, 96 Ohio St.3d 235, 773 N.E.2d 522, 2002–Ohio–3993, ¶ 13. As the State aptly responds in its appellee's brief, appellant's trial counsel in this instance successfully negotiated a dismissal of the most serious count against appellant, a second-degree felonious assault, in exchange for an aggregate term of two years in prison on the remaining counts. In *State v. Pepper*, 5th Dist. Ashland No. 13 COA 019, 2014–Ohio–364, this Court emphasized: "In the review of an attempt to withdraw any such negotiated plea after the fact, we must weigh any imperfections in the process against the possibility that the defendant is avoiding a much harsher result by resolving the case. We also bear in mind that the trial court is under a duty pursuant to Crim.R.11 to ensure that the plea comports with constitutional standards." *Id.* at ¶ 40, citing *State v. Stowers*, 8th Dist. Cuyahoga No. 48572, 1985 WL 7495 (additional citations omitted).

{¶ 18} Upon review of the entirety of appellant's claims in support of his motion to withdraw plea, we are unpersuaded the trial court abused its discretion in declining to find a manifest injustice warranting the extraordinary step of negating

appellant's plea, and we further find the trial court did not err or abuse its discretion in denying appellant's motion to withdraw plea without conducting an evidentiary hearing.

*State v. Hill*, 2015 WL 4899056, 2015-Ohio-3312 at ¶¶3-6, 12-18 (Ohio Ct. App. Aug. 17, 2015), *appeal not accepted for review*, 2015-Ohio-4633, 143 Ohio St. 3d 1545, 40 N.E.3d 1181 (Ohio 2015).

### III. Statute of Limitations

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997); *Watkins v. Warden*, No. 17-1388, 2017 WL 4857576 at *1 (6th Cir. Sept. 28, 2017) ("Actions arising under § 2254 have a one-year statute of limitations."). The relevant provisions of AEDPA state:

(d)(1) A one year period of limitations shall apply to the filing of an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**A.      The Start of AEDPA's Statute of Limitations and Tolling Rules**

In the instant action, Respondent asserts that the habeas petition is time-barred because Hill did not file within AEDPA's one-year limitations period. (R. 15, PageID# 217-227). The one-year statute of limitations does not begin to run until all direct criminal appeals in the state system are concluded, followed by either completion or denial of certiorari before the United States Supreme Court, or the expiration of the time allowed (90 days) for filing for certiorari. *Clay v. United States*, 537 U.S. 522, 528 n.3 (2003); *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002); *Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001), *cert. denied*, 534 U.S. 924 (2001) (citing cases).

Respondent asserts that Petitioner's conviction became final on August 28, 2014—thirty days after the date he entered a guilty plea on July 29, 2014, pursuant to Ohio App. R. 4(A). (R. 15, PageID# 219).[2] The court disagrees. It is true that the change of plea and sentencing occurred on July 29, 2014. (R. 15-1, PageID# 255; Exh. 4). Nevertheless, the judgment entry was not filed until August 14, 2014. "[A] party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." Ohio App. R. 4(A)(1). "As used in this rule, 'entry' or 'entered' means when a judgment or order is entered under Civ.R. 58(A) or Crim.R. 32(C)." Ohio App. R. 4(D). Ohio Crim. R. 32(C) states that "[t]he

---

[2] Despite Respondent's admirable attempt to make sense of a rather convoluted state court history, Respondent's brief does not succeed in this endeavor. Further, Respondent makes a number of assumptions regarding whether certain filings have a tolling effect without delving into the applicable law.

judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective *only when entered* on the journal by the clerk." Respondent concedes that Hill filed a notice of appeal by August 29, 2014, thus the clock on AEDPA's statute of limitations did not commence prior to the filing of the appeal.

On October 6, 2014, the state appellate court dismissed the appeal after ordering Hill to file a fully completed docketing statement by September 26, 2014, an order with which Hill failed to comply. (R. 15-1, PageID# 277; Exh. 9). The court dismissed pursuant to its Local App. R. 5(D) for "failure to prosecute."[3] *Id.* Hill's conviction became final 45 days thereafter when the time to file an appeal with the Supreme Court of Ohio expired—on November 20, 2014. Absent any statutory tolling, the statute of limitations would have elapsed one year later.

Nevertheless, petitions filed more than one year after the conclusion of direct review are not always untimely. The AEDPA tolls the one-year limitations period during the time "'a properly filed application for State postconviction or other collateral review . . . is pending.'" *Evans v. Chavis*, 546 U.S. 189, 191, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006) (quoting 28 U.S.C. §2244(d)(2)); *Carey v. Saffold*, 536 U.S. 214, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002); *accord Matthews v. Abramajtys*, 319 F.3d 780, 787 (6th Cir. 2003). Filings rejected by a state court as untimely, including post-conviction or collateral motions, are not considered properly filed for purposes of tolling the statute of limitations. *Allen v. Siebert*, 552 U.S. 3 (2007) (*per curiam*) (affirming *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)); *Williams v. Wilson*, No. 03-4404, 2005 WL 2175914, at *3 (6th Cir. Aug. 9, 2005), *cert. denied*, 547 U.S. 1152 (2006).

---

[3] Respondent files no authority for its conclusion that the dismissal for failure to prosecute rendered the petition "not properly filed" for the purposes of AEDPA. (R. 15, PageID# 219). The court disagrees that the time that the appeal was pending, even if it was ultimately dismissed, did not toll the statute of limitations.

When setting forth the procedural history below, the court will consider whether the filing in question tolled the statute of limitations.

**B.      Relevant Procedural History and Its Impact on the Statute of Limitations**

**1. Indictment and Conviction**

On June 23, 2014, a Stark County Grand Jury issued a four-count indictment charging Hill with the following: one count of felonious assault in violation of Ohio Revised Code ("O.R.C.") § 2903.11(A)(2) with a repeat violent offender ("RVO"); one count of having weapons while under disability in violation of O.R.C. § 2923.14; one count of domestic violence in violation of O.R.C. § 2919.25(F); and one count of intimidation of an attorney, victim, or witness in a criminal case in violation of O.R.C. § 2921.04(A). (R. 15-1, PageID# 250-251; Exh. 1). Initially Hill, through counsel, entered a plea of not guilty on all counts. (R. 15-1, PageID# 253; Exh. 2).

As stated above, Hill entered a guilty plea on July 29, 2014, and was sentenced to an aggregate term of twenty-four months in prison as jointly recommended by both the defendant and the prosecution pursuant to O.R.C. § 2923.13(A)(2).[4]  (R. 15-1, PageID# 256-267; Exh. 5).

**2. Direct Appeal**

On August 29, 2014, Hill, *pro se*, filed an appeal of his agreed guilty plea with the state appellate court, arguing that there was "no probable cause/preliminary hearing regarding the domestic violence/intimidation charges, and that he did not waive such hearing," that said charges were "not bound over to the Common Pleas Court," and that the court, therefore, "lacked

---

[4]  The conviction and sentence was journalized on August 14, 2014, and the State filed a *nolle prosequi* to the charge of felonious assault with an RVO specification with respect to count one. R. 15-1, Exhs. 3, 4, 5).

8

subject-matter jurisdiction."[5] (R. 15-1, PageID# 272; Exh. 6).

On September 10, 2014, the state appellate court issued a judgment entry noting that that Hill's notice of appeal was defective, because he had "failed to file a Docketing Statement along with an attached time-stamped copy of the judgment entry being appealed, as required by Loc. App. R. 6(A)." (R. 15-1, PageID# 275; Exh. 7). The court ordered Hill to file a fully completed docketing statement by September 26, 2014, explicitly warning that failure to do so may result in dismissal of his appeal. *Id.* On October 6, 2014, the state appellate court dismissed the appeal pursuant to Local App. R. 5(D) for "failure to prosecute" after Hill failed to comply. (R. 15-1, PageID# 277; Exh. 9). Hill did not appeal. As stated *supra*, Hill's conviction became final 45 days thereafter when the time to file an appeal with the Supreme Court of Ohio expired—on November 20, 2014.

### 3. Motion to Withdraw Guilty Plea

Nevertheless, the statute of limitations did not begin running on November 21, 2014, because while his direct appeal was pending, Hill filed a motion to withdraw his guilty plea with the trial court on September 8, 2014. (R. 15-1, PageID# 369; Exh. 22). The State filed a response to Hill's motion to withdraw his guilty plea. (Exhibit 23, Reply to Motion to Motion to Withdraw Guilty Plea). On December 9, 2014, Hill filed an amended motion to withdraw his guilty plea again arguing that he was ill-advised by his counsel to plead guilty to the lesser offenses in exchange for dismissal of the felonious assault. (R. 15-1, PageID# 382; Exh. 24).

On February 24, 2015, the trial court denied Hill's motion to withdraw his guilty plea and his amended motion to withdraw his guilty plea. (R. 15-1, PageID# 401; Exh. 27). The trial court

---

[5] Notably, Hill did not assert any defect in whether his guilty plea was knowingly and voluntarily made.

held that viewing the totality of the circumstances, it was clear that Hill's guilty plea was

knowing, intelligent, and voluntary. *Id.*

On March 6, 2015, Hill, *pro se*, timely appealed the judgment of February 24, 2015

denial of his motions to withdraw his guilty plea. (R. 15-1, PageID# 405; Exh. 28). Hill set forth

the following assignment of error:

> The trial court abused its discretion when it overruled/denied appellant's motion
> to withdraw his guilty plea based on his demonstration of Manifest Injustice under
> Crim.R. 32.1, and plea counsel's ineffectiveness
> .

(R. 15-1, PageID# 408; Exh. 29). On August 17, 2015, the Court of Appeals overruled the

assignment of error and affirmed the judgment of the trial court. (R. 15-1, PageID# 459-465;

Exh. 31). Petitioner did not appeal to the Ohio Supreme Court.

### 4. First Petition to Vacate or Set Aside Judgment of Conviction and Sentence

Despite the state appellate court's August 17, 2015 decision denying Hill's appeal related

to his motion to withdraw his guilty plea, the statute of limitations did not begin running on

August 18, 2015, because while that appeal was pending, Hill filed a petition to vacate or set

aside judgment of conviction or sentence with the trial court on September 15, 2014.[6] (R. 15-1,

PageID# 466; Exh. 32). Thereafter, on October 17, 2014 and October 22, 2014, Hill filed

amended petitions to vacate or set aside his judgment of conviction. (R. 15-1, PageID# 474-487;

Exhs. 33 & 34). The State filed a motion to dismiss and motion for summary judgment. (R. 15-1,

PageID# 488; Exh. 35). On February 24, 2015, the trial court granted the State's motion to

dismiss and motion for summary judgment, finding that Hill's ineffective assistance of counsel

---

[6] Respondent does not address whether the time between appeals from collateral filings tolls
AEDPA's statute of limitations. Without making an affirmative finding, the court assumes
*arguendo* that it does, as even such tolling does not render the petition timely as explained *infra*.

claims were barred by *res judicata*, as they could have been raised at trial or on direct appeal. (R. 15-1, PageID# 496-499; Exh. 36).

On March 19, 2015, Hill filed a *pro se* appeal of the February 24, 2015 judgment dismissing his petition. (R. 15-1, PageID# 500; Exh. 37). His lone assignment of error was:

> The trial court abused its discretion when it granted the State's Motion to Dismiss and Motion for Summary Judgment and dismissed the appellant's Petition for Post-Conviction Relief alleging ineffective assistance of plea counsel.

(R. 15-1, PageID# 511; Exh. 38). On August 17, 2015, the state appellate court affirmed the trial court's judgment finding no abuse of discretion. (R. 15-1, PageID# 539-546).

On September 14, 2015, Hill, *pro se*, filed a notice of appeal with the Ohio Supreme Court. (R. 15-1, PageID# 547; Exh. 41). In his sole proposition of law, Hill argued as follows: "The court of appeals erred when it deviated from stare decisis, affirmed trial court's erroneous decision, and overruled appellant's constitutional claim of ineffectiveness of plea counsel." (R. 15-1, PageID# 550; Exh. 42).

On November 10, 2015, the Ohio Supreme court declined to accept jurisdiction. (R. 15-1, PageID# 569; Exh. 44). Because Hill's appeal was not taken as a direct appeal, the AEDPA statute of limitations began running the next day on November 11, 2015. It ran at least until Petitioner filed his Second Petition to Vacate or Set Aside Judgment of Conviction and Sentence on July 14, 2016—a total of 246 days. (R. 15-1, PageID# 579; Exh. 46).

**5. Delayed Appeal**

Before the final resolution of the appeals stemming from Hill's first petition to vacate or set aside his judgment of conviction, Hill had filed a delayed appeal on January 9, 2015. (R. 15-1, PageID# 278; Exh. 10). On February 17, 2015, the state appellate court denied Hill's motion for leave to file a delayed appeal. (R. 15-1, PageID# 300; Ex. 12). Because the time period that

the delayed appeal was pending is entirely subsumed by the time period during which Hill's first petition to vacate or set aside judgment was pending, it had no impact on the statute of limitations.

### 6. Second Petition to Vacate or Set Aside Judgment of Conviction and Sentence

On July 14, 2016, Hill filed his second petition to vacate or set aside judgment of conviction and sentence with the common pleas court. (R. 15-1, PageID# 570-579; Exh. 45). On November 8, 2016, the court dismissed the petition in principal part because it was untimely, concluding:

> Pursuant to R.C. 2953 .21 (A)(2), a petition for post-conviction relief must be filed "no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *. If no appeal is taken, except as otherwise provided in section 2953 .23 of the Revised Code, the petition shall be filed no later than three hundred sixty-five days after the expiration of the time for filing the appeal." A court may consider an untimely petition if one of the narrow exceptions pursuant to R.C. 2953.23(A) are met.

> In the present case, Defendant's petition is untimely. Defendant filed a notice of appeal in the direct appeal of the judgment of conviction on August 27, 2014. Because Defendant never filed a fully completed docketing statement, Defendant's appeal was dismiss[ed] and the trial transcript was never filed in the court of appeals. Defendant's petition was filed more than 365 days after the expiration of the time for filing his appeal, and more than 365 days after his appeal was dismissed. **The petition is untimely.** Further, the Court finds that Defendant has failed to show any of the limited exceptions to the timeliness requirement and thus this Court lacks jurisdiction to consider it.

(R. 15-1, PageID# 598-599; Exh. 47) (emphasis added). An untimely post-conviction or collateral motion is not considered properly filed for purposes of tolling the statute of limitations. *Allen v. Siebert*, 552 U.S. 3 (2007) (*per curiam*) (affirming *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)); *Williams v. Wilson*, No. 03-4404, 2005 WL 2175914, at *3 (6th Cir. Aug. 9, 2005), *cert. denied*, 547 U.S. 1152 (2006). Therefore, the time period between July 14, 2016, when Hill filed

his second petition to vacate or set aside judgment and the court's November 8, 2016 dismissal did not toll the statute of limitations. Thus, the statute of limitations ran uninterrupted from November 11, 2015 until at least November 8, 2016—a period of 364 days.

According to the docket, Defendant filed a notice of appeal on November 21, 2016. (R. 15-1, PageID# 1131; Exh. 79). However, by that point, the 365-day statute of limitations had elapsed.[7] Nevertheless, for the sake of argument only, even if Petitioner were credited with

---

[7] Furthermore, even timely appeals from an untimely filings do not toll the statute of limitations. As explained by another decision of this court:

> [I]n *Pace*, the Supreme Court expressed reservations about the wisdom of tolling where a petition is untimely. 544 U.S. at 413 ("On petitioner's theory, a state prisoner could toll the statute of limitations at will simply by filing untimely state postconviction petitions. This would turn § 2244(d)(2) into a de facto extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay.") Similar concerns are applicable here. A petitioner should not enjoy the benefit of statutory tolling by promptly appealing from an otherwise improperly filed collateral petition. The *Pace* court, while not confronted with identical circumstances, held as follows: "[w]hat we intimated in *Saffold* we now hold: When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." 544 U.S. at 414 (*citing Carey v. Saffold*, 536 U.S. 214, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002)).

> This Court agrees with the *Lynch* decision and finds that the concerns of undue delay expressed by the Supreme Court preclude statutory tolling during the pendency of an appeal from an untimely post-conviction or collateral application. This Court recognizes that the outcome might be different if the appeal leads to a reversal of the lower court's decision and results in a finding that the application was "properly filed" under state law. Here, however, the Ohio Supreme Court dismissed the appeal. (ECF No. 9-1, Exh. 20.) "Where the last reasoned order in a state court proceeding relies on a procedural error, later unexplained orders are presumed to rest on the same ground." *Palmer v. Lavigne*, 43 Fed. Appx. 827, 829 (6th Cir. 2002) (*citing Ylst v. Nunnemaker*, 501 U.S. 797, 803, 111 S. Ct. 2590, 115 L. Ed. 2d 706 (1991).

*Parsons v. Turner*, No. 3:12-cv-02300, 2013 U.S. Dist. LEXIS 183368, at *11-13 (N.D. Ohio Nov. 19, 2013), *adopted by* 2014 WL 197781 (N.D. Ohio Jan. 14, 2014) (Helmick, J.); *accord Davis v. Sloan*, No. 1:19 CV 1456, 2019 U.S. Dist. LEXIS 233146, at *23 (N.D. Ohio Nov. 7, 2019) (agreeing with the reasons stated in *Parsons*, and finding an appeal from an untimely post-

tolling while this appeal was pending, that appeal was dismissed on December 9, 2016. (R. 15-1,
PageID# 1131; Exh. 79). At that point the statute of limitations would have resumed running and
the last remaining day left to file a timely federal habeas petition would have been December 10,
2016. Hill's next state court filing was his third petition to vacate or set aside judgment of
conviction and sentence, which Hill purports to have submitted for filing on January 3, 2017. (R.
15-1, PageID# 618; Exh. 48). That filing occurred twenty-four days after the statute of
limitations expired.

Although Hill filed numerous other state court filings thereafter, and not mentioned
above, none of them had any tolling effect as the one-year statute of limitations had already
expired. State post-conviction filings, even if timely, cannot serve to toll a statute of limitations
that has already expired.[8] *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). Section
2244(d)(2)'s tolling provision "does not ... 'revive' the limitations period (*i.e.*, restart the clock at
zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is
expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman*, 346
F.3d at 602 (citation omitted); *accord Eberle v. Warden, Mansfield Corr. Inst.*, 532 Fed. App'x
605, 609 (6th Cir. 2013) ("2244(d)(1)(A)'s one-year clock does not run anew after an Ohio
appellate court denies a defendant's application to reopen his direct appeal due to ineffective
assistance of appellate counsel.").

Therefore, the court concludes that the habeas petition is untimely. In addition, any
argument that the factual predicate of his claim entitles him to a later start date is unavailing, as

---

conviction petition has no tolling effect).

[8] In the interests of judicial economy, the court declines to catalog all the state court filings that
occurred after the statute of limitations expired, as those are immaterial to the dispositive statute
of limitations issue.

the facts underlying his three grounds for relief were all known to him at the time of his plea, and certainly by the time he started raising similar arguments during state court filings throughout 2014 and 2015.

## C.    Equitable Tolling

Petitioner's traverse does not expressly assert that he is entitled to equitable tolling. (R. 17). Nevertheless, the court finds that equitable tolling is not appropriate. "The federal courts sparingly bestow equitable tolling. Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.... Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000) (citations omitted). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005).

The Sixth Circuit has rejected the notion that ignorance of the law alone, including the lack of knowledge concerning filing requirements warrants equitable tolling. "[T]his court has repeatedly held that 'ignorance of the law alone is not sufficient to warrant equitable tolling.' " *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (*quoting Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)); *accord Taylor v. Palmer*, 623 Fed. App'x 783, 788 (6th Cir. 2015). Furthermore, not only has Petitioner failed to identify any extraordinary circumstance that stood in his way, the Petitioner could have filed a habeas petition rather than filing repetitive petitions in state court, many of which he did not appeal. Therefore, equitable tolling would be inappropriate.

15

### D.     Actual Innocence

Hill's petition and traverse makes the assertions that he is "actually innocent of the crimes to which he pled guilty...." (R. 17, PageID# 1163). He bases his argument primarily on the alleged lack of his fingerprint or DNA evidence on a firearm recovered from the victim's residence, his own affidavit, and a recanting affidavit of the domestic violence victim. (R. 17-4, PageID# 1209, 1211-1212, 1221-1223; Exhs. 3, 4, 5).

In *McQuiggin v. Perkins*, 569 U.S. 383, 386, 133 S. Ct. 1924, 1928, 185 L. Ed. 2d 1019 (2013), the United States Supreme Court held that actual innocence, if proved, may overcome the expiration of AEDPA's one-year statute of limitations. The Supreme Court noted that a claim of actual innocence is *not a request for equitable tolling* but, rather, a request for an equitable exception to section 2244(d)(1). *Id.* at 1931 (emphasis added). The *McQuiggin* court also reiterated the requisite standard for a credible claim of actual innocence. *Id.* at 1931. The touchstone of the inquiry is whether a petitioner's "new evidence shows 'it is more likely than not that no reasonable juror would have convicted [him].'" *Id.* at 1933 (*quoting Schlup v. Delo,* 513 U.S. 298, 329, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)). However, "tenable actual-innocence gateway pleas are rare." *McQuiggin,* 133 S.Ct. at 1928. In such cases, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup,* 513 U.S. at 298.

In the instant case, Hill has not identified any new, reliable evidence demonstrative of actual innocence. Pertinent case law indicates that "recantations are viewed with extreme suspicion by the courts." *In re Davis,* 565 F.3d 810, 825 (11th Cir. 2009) (citing cases); *see also Chavis–Tucker v. Hudson*, No. 07–4537, 2009 WL 3232068, at *9 (6th Cir. Oct. 9, 2009), *cert.*

*denied*, 559 U.S. 982 (2010) (*quoting United States v. Chambers*, 944 F.2d 1253, 1264 (6th Cir. 1991)); *Webb v. Bell*, No. 2:07CV12689, 2008 WL 2242616, at *6 (E.D.Mich. May 30, 2008). Petitioner himself pleaded guilty to the charges against him.

Although a petitioner who pled guilty may raise claims of actual innocence, here Petitioner has not supported his claim of actual innocence with any new, reliable evidence that would satisfy the *Schlup* standard. *See Hearing v. Perry*, No. 2:18-CV-00094-RLJ-CRW, 2021 WL 4619925, at *8 (E.D. Tenn. Oct. 6, 2021) (citing *Bousley*, 523 U.S. 614, 623). Hill cannot credibly contend that he did not the commit the acts to which he pled guilty in a court of law, based largely on recanted victim's statements or his own interpretation of the evidence. *See Hearing*, 2021 WL 4619925, at *8 (finding that petitioner who pled guilty had not supported his claim of actual innocence but "rather attempts to support the claim largely by presenting his perspective casting doubt on various pieces of evidence gathered by the state. These self-serving assertions cannot demonstrate that it is more likely than not that no reasonable juror would have found Petitioner guilty, particularly where Petitioner's own assertions of guilt during his plea colloquy undermine his claim that he is factually innocent."). The bar to meet the actual innocence exception is high, and Hill has not offered sufficient new, reliable evidence to demonstrate that a fundamental miscarriage of justice will occur if his claims are not granted review.

Justice Brennan had expressed his opinion on recanted statements as follows:

Recantation testimony is properly viewed with great suspicion. It upsets society's interest in the finality of convictions, is very often unreliable and given for suspect motives, and most often serves merely to impeach cumulative evidence rather than to undermine confidence in the accuracy of the conviction. For these reasons, a witness' recantation of trial testimony typically will justify a new trial only where the reviewing judge after analyzing the recantation is satisfied that it is true and that it will "render probable a different verdict."

17

*Dobbert v. Wainwright*, 468 U.S. 1231, 1233–1234 (1984) (Brennan, J., dissenting from denial of certiorari). The Sixth Circuit has characterized similar affidavits as "of little value, as they merely recant their trial testimony." *Carter v. Mitchell*, 443 F.3d 517, 539 (6th Cir. 2006), *cert. denied*, 549 U.S. 1127 (2007); *see also Byrd v. Collins*, 209 F.3d 486, 508 n.16 (6th Cir. 2000); *United States v. Lewis*, 338 F.2d 137, 139 (6th Cir. 1964).

In an analogous case, our court has found that a victim's recantation of original testimony is not reliable evidence of actual innocence, stating:

> Recanting affidavits and witnesses are generally "viewed with extreme suspicion." *United States v. Chambers*, 944 F.2d 1253, 1264 (6th Cir. 1991); *see also, Allen v. Woodford*, 395 F.3d 979, 994 (9th Cir. 2005)*, cert. denied sub nom Allen v. Brown*, 126 S.Ct. 134 (2005) (" 'recantation testimony is generally considered exceedingly unreliable' ") (quoting 58 Am.Jur., New Trial § 345). This suspicion "is especially applicable in cases of child sexual abuse where recantation is a recurring phenomenon, particularly when family members are involved and the child has feelings of guilt or the family members seek to influence the child to change her story." *United States v. Rouse*, 410 F.3d 1005, 1009 (8th Cir.2005) (internal quotations omitted).

*Artiaga v. Money*, No. 3:04CV7121, 2006 WL 1966612, at *11–*12 (N.D. Ohio July 11, 2006) (citing additional cases in support). The court notes that one of the charges to which Hill pleaded guilty was knowingly attempting to intimidate or hinder the victim, the same victim on whose statement he now attempts to rely. Petitioner's unsubstantiated claims, which contend that a firearm found at the residence where the criminal activity to which he pleaded guilty occurred was not his, are insufficient to meet the *Schlup* standard.

Therefore, the court recommends the petition be dismissed as untimely.

### IV. Exhaustion and Procedural Default

Respondent also argues that the petition is procedurally defaulted. (R. 15, PageID# 227-239). Respondent contends Petitioner may not collaterally attack his guilty plea where he failed

to raise such a challenge on direct appeal. *Id.* While this court recommends dismissal based on statute of limitation grounds, Petitioner's claims are, alternatively, defaulted.

**A.      Exhaustion Standard**

State prisoners must exhaust their state remedies before raising claims in federal habeas corpus proceedings. *See* 28 U.S.C. § 2254(b), (c). This requirement is satisfied "when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). However, if relief is no longer available in state court, exhaustion can be rendered moot: "If no remedy exists, and the substance of a claim has not been presented to the state courts, no exhaustion problem exists; rather, it is a problem of determining whether cause and prejudice exist to excuse the failure to present the claim in the state courts." *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *see also Buell v. Mitchell*, 274 F.3d 347, 349 (6th Cir. 2001) ("a petitioner cannot circumvent the exhaustion requirement by failing to comply with state procedural rules.") (citations omitted).

**B.      Procedural Default Standard**

Federal courts will not consider the merits of procedurally defaulted claims, unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or where failure to review the claim would result in a fundamental miscarriage of justice. *See Lundgren v. Mitchell,* 440 F.3d 754, 763 (6th Cir.2006) (*citing Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)).

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the

default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). In other words, a petitioner may not raise on federal habeas review a federal constitutional claim he could no longer raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review." *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000) (internal quotation marks and citation omitted).

A claim may become procedurally defaulted in two ways. First, a petitioner may procedurally default a claim by failing to comply with state procedural rules in presenting his claim to the appropriate state court. *See, e.g., Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). If, due to petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.[9] *Id.*

Second, a petitioner may also procedurally default a claim by failing to raise and pursue that claim through the state's "ordinary appellate review procedures." *O'Sullivan v. Boerckel,* 526 U.S. 838, 848 (1999). If, at the time of the federal habeas petition, state law no longer allows

---

[9] In *Maupin*, the Sixth Circuit established a four-step analysis to determine whether a claim is procedurally defaulted. 785 F.2d at 135. Under this test, the Court decides (1) whether the petitioner failed to comply with an applicable state procedural rule, (2) whether the state courts actually enforced the state procedural sanction, (3) whether the state procedural bar is an "independent and adequate" state ground on which the state can foreclose federal review, and (4) whether the petitioner has demonstrated "cause" and "prejudice." *Id*. at 138-39; *accord Barkley v. Konteh*, 240 F.Supp.2d 708 (N.D. Ohio 2002).

the petitioner to raise the claim, it is procedurally defaulted. *See, e.g.*, *Engle*, 456 U.S. at 125-130; *see also Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). This second type of procedural default is often confused with exhaustion. Exhaustion and procedural default, however, are distinct concepts. AEDPA's exhaustion requirement only "refers to remedies still available at the time of the federal petition." *Engle*, 456 U.S. at 125 n. 28. Where state court remedies are no longer available to a petitioner because he failed to use them within the required time period, procedural default and not exhaustion bars federal court review. *Id.* In Ohio, a petitioner is not entitled to raise claims in post-conviction proceedings where those claims could have been raised on direct appeal. *Id.* Thus, if an Ohio petitioner failed to raise a claim on direct appeal, which could have been raised, the claim is procedurally defaulted. *Id.*

A claim is adequately raised on direct appeal if it was "fairly presented" to the state court. To fairly present a claim to a state court a petitioner must assert both the legal and factual basis for his claim. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). Accordingly, a "petitioner must present his claim to the state courts as a federal constitutional issue--not merely as an issue arising under state law." *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A petitioner can take four actions in his brief which are significant to the determination as to whether a claim has been fairly presented as a federal constitutional claim: "(1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law." *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003), *abrogated on other grounds as recognized in English v. Berghuis*, 529 Fed. App'x 734, 744-45 (6th Cir. Jul. 10, 2013).

A petitioner's procedural default, however, may be excused upon a showing of "cause" for the procedural default and "actual prejudice" from the alleged error. *See Maupin*, 785 F.2d at 138-39. "Demonstrating cause requires showing that an 'objective factor external to the defense impeded counsel's efforts to comply' with the state procedural rule." *Franklin v. Anderson*, 434 F.3d 412, 417 (6ᵗʰ Cir. 2006) (*quoting Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Meanwhile, "[d]emonstrating prejudice requires showing that the trial was infected with constitutional error." *Id.* Where there is strong evidence of a petitioner's guilt and the evidence supporting petitioner's claim is weak, the actual prejudice requirement is not satisfied. *See, e.g., United States v. Frady, 456 U.S. 152, 172 (1982)*; *Perkins v. LeCureux*, 58 F.3d 214, 219-20 (6ᵗʰ Cir. 1995); *Rust v. Zent, 17 F.3d 155, 161-62 (6ᵗʰ Cir. 1994).* Prejudice does not occur unless petitioner demonstrates "a reasonable probability" that the outcome of the trial would have been different. *Mason v. Mitchell,* 320 F.3d 604, 617 (6ᵗʰ Cir. 2003).

Finally, a petitioner's procedural default may also be excused where a petitioner is actually innocent in order to prevent a "manifest injustice." *See Coleman*, 501 U.S. at 749-50. Conclusory statements are not enough—a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *accord Jones v. Bradshaw*, 489 F.Supp.2d 786, 807 (N.D. Ohio 2007) (Katz, J.)

## C.    Analysis

"Fair presentation of an issue requires that a petitioner give state courts a full opportunity to resolve any constitutional issues by involving 'one complete round' of the state's appellate review system." *Caver v. Straub*, 349 F.3d 340, 346 (6ᵗʰ Cir. 2003) (*quoting O'Sullivan*, 526

U.S. at 845). As stated above, Plaintiff filed an appeal from his negotiated guilty plea arguing that there was "no probable cause/preliminary hearing regarding the domestic violence/intimidation charges, and that he did not waive such hearing," that said charges were "not bound over to the Common Pleas Court," and that the court, therefore, "lacked subject-matter jurisdiction." (R. 15-1, PageID# 272; Exh. 6). Notably absent was any argument challenging the knowing, intelligent, and voluntary nature of his plea. *Id.* The appeal, as explained above, was dismissed, and Petitioner never pursued a direct appeal all the way to the Ohio Supreme Court.

The Supreme Court has observed that "[w]here the petitioner—whether a state or federal prisoner—failed properly to raise his claim on direct review, the writ is available only if the petitioner establishes 'cause' for the waiver and shows 'actual prejudice resulting from the alleged ... violation.'" *Reed v. Farley*, 512 U.S. 339, 354 (1994) (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). It is well established that "[i]f the petitioner failed to exhaust state remedies and the [state] court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[, then] there is a procedural default for purposes of federal habeas [review] regardless of the decision of the last state court to which the petitioner actually presented his claims." *Fields v. Bagley*, 275 F.3d 478, 482 n. 1 (6th Cir. 2001), *quoting Coleman v. Thompson*, 501 U.S. 722 (1991). Hill's grounds that raise ineffective assistance of plea counsel and prosecutorial misconduct were never raised on direct appeal before the state appellate court. Because nothing prevented Hill from raising these claims on direct appeal, he would be barred from raising them in an application for post-conviction relief. Ohio courts have found that the doctrine of *res judicata* "bars a convicted defendant, who was represented by counsel from raising and litigating in any proceeding except

an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant … on an appeal from that judgment." *State v. Benton*, 27 Ohio St. 2d 87, 90-91, 272 N.E.2d 92 (Ohio 1971); *State v. Combs*, 100 Ohio App. 3d 90, 652 N.E.2d 205, 209 (Ohio Ct. App. 1994). The doctrine of *res judicata* also applies to constitutional claims that could have been raised in a direct appeal. *See Norris v. Schotten*, 146 F.3d 314, 332 (6th Cir. 1998). As such, the Petition should also be dismissed as procedurally defaulted unless there are sufficient grounds to excuse the default, which is addressed *infra*.

Further, to the extent Hill's habeas petition claims he has a federal constitutional right to withdraw his guilty plea, the argument is unavailing. A similar issue was raised and rejected by another recent decision of our court:

> To the extent [the petitioner] alleges he is entitled to relief because the trial court erred under Ohio law in denying his motion to withdraw his guilty plea, he raises a state law issue that is not cognizable in federal habeas proceedings. *See, e.g., Xie v. Edwards*, No. 93-4385, 1994 WL 462143, at *2 (6th Cir. 1994) (holding that "the district court properly found that whether the trial court abused its discretion in denying Xie's motion to withdraw his plea is a question governed by Ohio's statutes and case law" and, therefore, "cannot support federal habeas relief absent a showing that the alleged error rendered the proceedings fundamentally unfair"); *see also Johnson v. Warden, Lebanon Corr. Inst.*, No. 1-23-cv-560, 2014 WL 935222, at *4 (S.D. Ohio March 10, 2014); *Rice v. Welch*, No. 3:10 CV 1916, 2014 U.S. Dist. LEXIS 134584, 2014 WL 4794585, at *23 (N.D. Ohio Sept. 23, 2014).

> This Court may not hear this claim. "[I]n the absence of a constitutional violation in the taking of the plea, a trial court's abuse of discretion in denying a subsequent motion to withdraw the plea does not trigger constitutional concerns." *Weaver v. Moore*, No. 1:06-CV-00557, 2008 U.S. Dist. LEXIS 19109, 2008 WL 697705 (S.D. Ohio March 12, 2008). Having dispensed with [petitioner's] Ground One claim that his plea was not knowing and voluntary, the remainder of Ground Two is not cognizable in the federal habeas context. This is because the claim rests on the proper application of state law, Ohio Crim.R. 32.1, which provides that "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or

her plea." Therefore, I recommend that Ground Two be denied as not cognizable in this federal habeas proceeding.

*Jones v. Gray*, No. 1:19CV159, 2021 U.S. Dist. LEXIS 166453, at *16-17 (N.D. Ohio July 27, 2021), *adopted by* 2021 U.S. Dist. LEXIS 163184 (N.D. Ohio Aug. 30, 2021).

**D.      Excusing Procedural Default**

The Petition does not meaningfully set forth any cause as to why Petitioner was unable to raise the grounds for relief presented herein on direct appeal. Further, his claim of actual innocence fails for the same reasons as discussed above when addressing the statute of limitations. To the extent Petitioner contends that the victim's recantation constitutes new evidence, the contents thereof have no meaningful relevance to the threshold issue of whether counsel was ineffective in plea negotiations.[10]

**V.   Conclusion**

For the foregoing reasons, it is recommended that Hill's Petition be DISMISSED as time-barred.

s/ *David A. Ruiz*

David A. Ruiz

Date: January 18, 2022                    United States Magistrate Judge

---

[10]  In *Hill v. Lockhart*, 474 U.S. 52, 58-60, 106 S. Ct. 366, 370-71 (1985), the Supreme Court held that, in the context of guilty pleas, to satisfy the "prejudice" requirement of the *Strickland* standard, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais,* 928 F.3d 520, 530-31 (6th Cir. 2019).