# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| CHRISTOPHER HILL, | ) | CASE NO.    5:19-CV-00597 |
|  | ) |  |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| BERNADETTE MASON, | ) |  |
|  | ) | ORDER ADOPTING REPORT |
| Respondent. | ) | AND RECOMMENDATION |
|  | ) |  |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge David A. Ruiz. Petitioner, Christopher Hill ("Mr. Hill"), pro se filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 on March 18, 2019. Mr. Hill asserted three grounds for relief in his petition. (ECF #1). Mr. Hill argued that: (1) his trial counsel was ineffective for inadequately advising him to plead guilty to having a weapon while under disability because a hammer is not included as a weapon under disability; (2) his trial counsel was ineffective for inadequately advising him to plead guilty to having a weapon while under disability because his counsel failed to explain the nature of the offense and therefore he did not have notice of what he was being asked to admit; and (3) he was denied due process of law by way of prosecutorial misconduct because DNA testing established his actual innocence. (ECF #1). Mr. Hill argues that these grounds for relief render his guilty pleas void.

On January 18, 2022, Magistrate Judge Ruiz issued a Report and Recommendation. (ECF #23). He recommended that Mr. Hill's petition be DISMISSED. Magistrate Judge Ruiz found that the three grounds for relief raised by Mr. Hill were never raised on direct appeal and as a result

1

he is barred from raising them in his habeas petition. In addition, Magistrate Judge Ruiz concluded that Mr. Hill's right to withdraw his guilty plea is a state law issue that is not cognizable in federal habeas proceedings. *See e.g.*, *Xie v. Edwards*, No. 93-4385, 1994 WL 462143, at *2 (6th Cir. 1994). Even if Mr. Hill's claims were cognizable on habeas review, Magistrate Judge Ruiz determined that Mr. Hill's filing was untimely under the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

Under AEDPA, actions arising under 28 U.S.C. § 2254 have a one-year statute of limitations that begins to run when all direct criminal appeals in the state system are concluded, followed by either completion or denial of certiorari before the United States Supreme Court, or the expiration of time allowed for filing for certiorari. *Watkins v. Warden*, No. 17-1388, 2017 WL 4857576, at *1 (6th Cir. 2017); *Clay v. United States*, 537 U.S. 522, 528 n.3 (2003). For reasons articulated in his Report and Recommendation, Magistrate Judge Ruiz found that the statute of limitations began running on November 11, 2015, the day after the Ohio Supreme Court declined to accept jurisdiction over Mr. Hill's appeal of the judgment dismissing his petition to vacate or set aside judgment. Nothing Mr. Hill filed after this point operated to toll the one-year statute of limitations. Therefore, the statute of limitations expired on November 9, 2016. Mr. Hill's petition, filed on March 18, 2019, is undeniably outside the one-year statute of limitations.

Magistrate Judge Ruiz also considered whether equitable tolling applied. A petitioner seeking equitable tolling must show that: "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Magistrate Judge Ruiz found that Mr. Hill failed to identify any extraordinary circumstance. As a result, he concluded that equitable tolling is not appropriate.

2

Lastly, actual innocence, if proved, may overcome the expiration of AEDPA's one-year statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). Actual innocence is proved if "new evidence shows 'it is more likely than not that no reasonable juror would have convicted [him].'" *Id.* at 399 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Magistrate Judge Ruiz found that Mr. Hill had not identified any new, reliable evidence that demonstrated actual innocence.

No objections were filed to the Magistrate Judge's Report and Recommendation. Federal Rule of Civil Procedure 72(b) addresses the standard of review when objections have been made to a magistrate judge's report but does not indicate the appropriate standard of review when no objections have been made. The Advisory Committee on Civil Rules has stated that "[w]hen no timely objection is filed, the court only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Gray v. Kelly*, No. 1:10CV1103, 2011 U.S. Dist. LEXIS 42157, at *9-10 (N.D. Ohio Apr. 19, 2011) (quoting Fed. R. Civ. P. 72 Advisory Committee's notes). The Court has reviewed the record and the Report and Recommendation (ECF #23) and has found no error.

## Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

3

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. For the reasons stated above, the Court concludes that Mr. Hill has failed to make a substantial showing of the denial of a constitutional right and there is no reasonable basis upon which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a certificate of appealability.

The Court has reviewed the Report and Recommendation and has considered all of the pleadings, motions, and filings of the parties. Magistrate Judge Ruiz has correctly determined that Mr. Hill's petition be denied. Therefore, the Report and Recommendation (ECF #23) is hereby ADOPTED. Accordingly, Mr. Hill's petition is DISMISSED.

4

IT IS SO ORDERED.

Donald C. Nugent

United States District Judge

DATED: April 13, 2022